THOMAS H. LANDON, PROSECUTOR, v. JAMES S. GILBERT ET AL., COMMISSIONERS OF THE CITY OF BORDEN-TOWN, AND JOHN F. MARTIN, RESPONDENTS.

Submitted July 2, 1914—Decided October 9, 1914.

A license granted for an inn and tavern by the commissioners of the city of Bordentown, in violation of an unrepealed ordinance passed by the excise commissioners under the act of 1901, page 239, is void.

On *certiorari*.

Before Justices Trenchard, Bergen and Black.

For the prosecutor, *Nelson B. Gaskill.*

For the respondents, *Peter Backes.*

The opinion of the court was delivered by

Black, J.   This writ of *certiorari* brings up for review a resolution of the board of commissioners of the city of Bordentown, passed on the 21st day of April, 1914, granting a license for an inn and tavern to John F. Martin, to be used at the premises No. 84 Farnsworth avenue, in Bordentown.

The points in the controversy are shown by the situation as disclosed in the record as follows: That on April 15th, 1913, the city of Bordentown adopted by vote the commission form of government under the act (*Pamph. L.* 1911, *p.* 462) known as the "Walsh act." The commissioners were duly elected on June 17th, 1913. The eighth section of said act (*Pamph. L.* 1911, *p.* 462), and the amendment to such section (*Pamph. L.* 1912, *p.* 643), provide that "all ordinances or resolutions heretofore passed in any such cities, not inconsistent with the rights and powers herein granted, shall remain in full force and effect until altered or repealed by the commissioners, in the manner herein provided."

The city charter of Bordentown gave the common council the sole, only and exclusive right and power of granting licenses annually. By an act of the legislature (*Pamph. L.* 1901, *p.* 239) the judge of the Court of Common Pleas was authorized to appoint an excise board, and such a board was appointed by the judge of the Court of Common Pleas of Burlington county, for the city of Bordentown. By the provisions of said act, no license shall be granted in such city by any other body than such board of excise commissioners *during the existence of such board.*

The city of Dover contested the constitutionality of said act, and on the 10th of November, 1902, the Supreme Court

held the act unconstitutional, in the case of *Schwarz* v. *Mayor, &c., of Dover,* 68 *N. J. L.* 576. No order or judgment was entered pursuant to that decision, and on a petition, filed by the excise commissioners of Dover, asking for a re-argument, in order that the commissioners might be heard, a re-argument was granted on February 23d, 1904. The Supreme Court, upon the re-argument of the case, overruled the decision formerly rendered, sustained the validity of the act (*Pamph. L.* 1901, *p.* 239), and the appointment of boards of excise commissioners (*Schwarz* v. *Mayor, &c., of Dover,* 70 *N. J. L.* 502), basing the decision upon the intervening decision of the Court of Errors and Appeals in the case of *Ross* v. *Chosen Freeholders of Essex County,* 69 *Id.* 291.

On March 18th, 1902, the board of excise commissioners appointed by the court under the act of 1901, page 239, passed an ordinance concerning inns and taverns. The pertinent paragraphs provide as follows: "Section 21. No new license shall be granted for a place within three hundred feet of a church or school, or two hundred feet of an existing place on the same street." "Section 22. That any place which shall not have had a license for more than three months shall be considered as a new place if application for a license at, or a transfer to, such place be made." On the 10th day of February, 1903, the common council of the city under the charter, by reason of the first decision of the Supreme Court, assuming that it was equally effective with reference to the board of excise commissioners of the city of Bordentown, attempted to resume its functions by passing an ordinance concerning inns and taverns, which is a repetition in words and figures of the ordinance passed by the board of excise commissioners on March 18th, 1902, above quoted. Meanwhile, the board of excise commissioners continued to exercise their powers under the act of 1901, until the adoption by the city of Bordentown of the commission form of government under the act of 1911. This was the situation when the board of commissioners of the city of Bordentown came into existence on June 17th, 1913, under the act of 1911, page 462. They found these two ordinances, one passed by the board of excise commissioners on

March 18th, 1902, and one passed by the common council on the 10th day of February, 1903, identical in terms.

On August 5th, 1913, the board of commissioners passed an ordinance repealing the ordinance providing for the establishment of a board of excise commissioners, but it contained no language for the repeal of any of the ordinances adopted by the said board of excise commissioners. Subsequently, on April 22d, 1914, the board of commissioners repealed section 22 of the ordinance passed by the common council of the city of Bordentown on February 10th, 1903. On April 21st, 1914, the board of commissioners passed a resolution granting an inn and tavern license to John F. Martin, one of the respondents, to be used at the premises No. 84 Farnsworth avenue, which is in violation of the ordinance passed by the board of excise commissioners on March 18th, 1902, under the act of 1901.

It is contended by the respondents that the ordinance passed by the common council on the 10th day of February, 1903, identical in terms with the ordinance passed by the board of excise commissioners on March 18th, 1902, was an implied repealer of the latter, and if not repealed, the ordinance of the common council being the later ordinance in point of time of its enactment, superseded the former one, and the board of commissioners, on April 22d, having repealed section 22 of the ordinance passed by the common council February 10th, 1903, above quoted, left the city commissioners free to grant a license in violation of the twenty-second section of the ordinance passed by the excise commissioners March 18th, 1902.

We cannot accept this view as sound. The common council in assuming to pass the ordinance of February 10th, 1903, was not even a *de facto* body. *Dienstag* v. *Fagan,* 74 *N. J. L.* 418; *Lang* v. *Mayor, &c., of Bayonne, Id.* 455. That ordinance had no legal effect. The ordinance of the board of excise commissioners passed on March 18th, 1902, being unrepealed, and the license in this case being in violation of its provisions, is set aside, with costs.